MAY 29 2026 PM1:00
FILED - USDC - FLMD - TPA

# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF FLORIDA

### TAMPA DIVISION

**BRANDEN ISAAC WABE,**

 **Plaintiff,**

**v.**

**GOLDMAN SACHS BANK USA,**

 **Defendant.**

Case No.: _8:26-cv- 1598-WFJ-AEP_

# COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF, AND DAMAGES

Plaintiff Branden Isaac Wabe, proceeding pro se, alleges as follows:

## I. PARTIES

1. Plaintiff Branden Isaac Wabe is a natural person residing in St. Petersburg, Florida.

2. Defendant Goldman Sachs Bank USA issued, services, and collects on the Apple Card consumer credit account at issue.

## II. JURISDICTION AND VENUE

3. The plaintiff and defendant are citizens of different states. - The amount in controversy exceeds $75,000

4. Venue is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District and a substantial part of the events occurred here.

## III. FACTUAL ALLEGATIONS

*#405*
*¡TPA-743.66*

5. On or about October 15, 2021, Plaintiff opened an Apple Card consumer credit account issued by Defendant, used primarily for personal, family, or household purposes.

6. On or about December 18, 2025, Plaintiff obtained a Credit Card Analysis Report/audit showing securitization participants, including Apple Inc. as issuing entity and The Bank of New York Mellon Trust Company, N.A. as trustee, with references to a "true sale" structure.

7. On November 17th 2025, Plaintiff sent Defendant a written Debt Validation Request via UPS tracking number 1Z073J0T0207304835 demanding verification, ownership documentation, source of funds, chain of title, and full accounting. (EXHIBIT A)

8. Defendant responded only with monthly billing statements and failed to provide proper validation or proof of authority.

9. Plaintiff then sent a Notice of Fault and Opportunity to Cure(EXHIBIT B), followed by a Notice of Default and Pre-Arbitration Notice(EXHIBIT C). Defendant failed to cure or provide the requested documentation.

10. Despite Plaintiff's disputes, Defendant continued collection activity, billing, and credit reporting.

11. Plaintiff disputes that Defendant ever advanced their own funds, extended credit, or otherwise lent any money to Plaintiff.

12. Plaintiff has received conflicting statements about the ownership and servicing of the account.

13. Plaintiff is uncertain whether Defendant is the true creditor, or whether the obligation has been sold, assigned, securitized, or otherwise transferred to The Bank of New York Mellon Trust Company, N.A.

14. Plaintiff is uncertain as to who has ownership or enforcement rights of the account

15. Plaintiff has demanded, and Defendant has failed to provide, documentation or proof of
     (a) that money or credit was actually extended to Plaintiff,
     (b) the identity of the current creditor,
     (c) the chain of title or assignment history of the alleged debt.
     (d) the source of the funds

16. Defendant and/or its agents have continued to demand payment and have reported the alleged debt to credit bureaus.

17. The Apple Card Customer Agreement (EXHIBIT E) contains an arbitration provision. Plaintiff invoked arbitration, but Defendant failed to pay the required filing or administrative fee, preventing the arbitration from proceeding.

18. As a result, Plaintiff has suffered actual damages, including emotional distress, credit damage, risk of double payment, and inability to resolve the dispute in the agreed arbitral forum.

## IV CAUSES OF ACTION
### Count 1: Declaratory Judgment (28 U.S.C. § 2201)

19. Plaintiff incorporates all prior paragraphs.

20. An actual controversy exists as to
   (a) whether Defendant lent money or extended credit,
   (b) who is the current creditor,
   (c) who has the right to enforce the alleged obligation.
   (d) source of the funds

21. Plaintiff seeks a declaration from this Court clarifying:
   (i) The rights and obligations of the parties with respect to the account, including the identity of the true creditor, the right to collect or enforce the account, and any obligations to provide notice of transfer;
   (ii) That Defendant lacks any present right to collect or enforce the account if it transferred its ownership or enforcement rights without proper notice to Plaintiff;
   (iii) That any communications or collection efforts by Defendant after such a transfer, if not properly disclosed, were misleading and created a risk of double payment or other harm to Plaintiff.

**COUNT II: Violation of the Fair Debt Collection Practices Act (15 U.S.C. §1692e)\*\***
22. Plaintiff is a natural person obligated, or allegedly obligated, to pay a consumer debt.

23. Defendant Goldman Sachs Bank USA is, upon information and belief, a debt collector as defined by 15 U.S.C. §1692a(6), in that it regularly collects or attempts to collect debts owed or due to another.

24. Upon information and belief, Plaintiff's credit card account was sold and assigned by Goldman Sachs Bank USA to THE BANK OF NEW YORK MELLON TRUST COMPANY, making THE BANK OF NEW YORK MELLON TRUST COMPANY the legal owner of the debt.

25. Upon information and belief, after the sale and assignment of the debt to THE BANK OF NEW YORK MELLON TRUST COMPANY, Goldman Sachs Bank USA continued to demand payments from Plaintiff, representing itself as the owner of the debt.

26. Upon information and belief, Goldman Sachs Bank USA did not disclose to Plaintiff that it no longer owned the debt, nor did it identify THE BANK OF NEW YORK MELLON TRUST COMPANY as the new owner.

27. Upon information and belief, Goldman Sachs Bank USA's representations to Plaintiff that it was entitled to payment after the sale of the debt were false, deceptive, and misleading, and would mislead the least sophisticated consumer as to the proper party to whom payment is owed.

28. As a result of Defendant's actions, Plaintiff was confused as to whom to pay, was denied the opportunity to exercise rights with respect to the true creditor, and suffered actual damages, including but not limited to stress, confusion, and potential double payment.

29. Defendant's conduct constitutes a violation of 15 U.S.C. §1692e.

## Prayer for relief

WHEREFORE, Plaintiff requests a declaration consistent with the requested declaratory relief and for

The court is to determine the rights of the plaintiff.

The court to order defendant to provide GAAP  accounting verification.

The cort to order defendant to provide a full securitization audit.

Respectfully submitted,
Branden Wabe
208 NE Monroe Circle N 107
St Petersburg FL 33702